UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| WILLIAM MUNSEY | ) |
| | ) |
| v. | ) NO. 2:05-CV-75 |
| | ) |
| ROOKIE INMAN and | ) |
| LINDA BROOKS, Medical | ) |

### MEMORANDUM and ORDER

William Munsey, a state prisoner confined in the Hamblen County Jail, brings this *pro se* civil rights complaint for injunctive relief under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, since the plaintiff is a prisoner, he is **ASSESSED** the full filing fee of two hundred, fifty dollars ($250.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes

In his complaint, the plaintiff contends that he is being denied proper medical care for an injury to his left elbow; that defendant Rookie Inman is refusing to take him to a doctor for an M.R.I. on the elbow (though it has big knots on it) and even told the nurse that he would not pay for an M.R.I.; that a roach, which crawled into his left ear and stayed there ten days, was flushed out on March 11, 2005; that it took him 14 days to see a nurse; that he has lost hearing in his left ear; and that he is housed in an overcrowded cell block and forced to sleep and eat next to a toilet.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional

---

judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff.

authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint, *see Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000)), and identifying each person later named as a defendant in the federal lawsuit. *See Thomas v. Woolum*, 337 F.3d 270, 735 (6th Cir. 2003).

Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his

3

confinement, and a district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

In ¶ 2 of his complaint, the plaintiff alleges that he asked a jailer, one Brad Crawford, for a grievance form; that Officer Crawford would not bring the plaintiff a grievance; that there is no grievance box in the jail; and that he is locked down some 22 hours of the day. The Sixth Circuit has held that it is insufficient to allege that grievance forms were denied in order to excuse the exhaustion of administrative remedies; a prisoner must attempt to file a grievance without a form. *Jones v. Smith*, 266 F.3d 399 (6th Cir.2001).

Accordingly, because the plaintiff has the burden of showing that he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden, this action will be dismissed for failure to satisfy the requirement in § 1997e.[2]

---

[2] If and when the plaintiff exhausts his administrative remedies, he may refile his complaint and plead exhaustion *with sufficient detail* to meet the Sixth Circuit's heightened pleading requirement, assuming that the relevant statute of limitations has not run. *Baxter v. Rose*, 305 F.3d 486, 489 (6th

4

A separate order will enter.

ENTER:

                    s/Thomas Gray Hull
                    THOMAS GRAY HULL
                      SENIOR U. S. DISTRICT JUDGE

---

Cir.2002).